**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-61416-CV-MIDDLEBROOKS

LAZARO MARTINEZ CACERES,

      Petitioner,

v.

BROWARD TRANSITIONAL CENTER
FACILITY DIRECTOR,

      Respondent.

                                           /

### <u>ORDER OF INSTRUCTIONS TO *PRO SE* 28 U.S.C. § 2241 PETITIONER</u>

1.      Because the Petitioner is proceeding *pro se*—and to better manage the orderly progress of this case—the Court hereby ORDERS and ADJUDGES as follows: *Pro se* litigants, like all litigants, must comply with procedural rules. The Petitioner shall therefore comply with the Rules Governing Section 2254 Cases (which rules are applicable to cases filed pursuant to 28 U.S.C. § 2241), and with the Federal Rules of Civil Procedure, and the Local Rules for the Southern District of Florida.[1] The Petitioner may obtain the Local Rules from the Clerk of the Court. The Petitioner's failure to comply with federal and local rules may result in sanctions, which could include dismissal of the case. Similarly, failure to comply with any court order may result in dismissal.

2.      Habeas proceedings, including § 2241 proceedings, unlike ordinary civil proceedings, are subject to a heightened pleading standard. *See Borden v. Allen*, 646 F.3d 785, 810

---

[1] Pursuant to Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts, the Federal Rules of Civil Procedure apply in habeas proceedings "to the extent they are not inconsistent with any statutory provisions or [with the Rules Governing Section 2254 Cases.]" The Rules Governing Section 2254 Cases are applicable to cases filed pursuant to 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the "United States District Courts.

(11th Cir. 2011). Thus, "the § 2254 Rules and the § 2254 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a). *Id.* Petitioner is therefore put on notice that any claims that fail to meet this standard shall be summarily dismissed or denied.

3.      It shall be at all times the Petitioner's responsibility to keep the Court informed of the Petitioner's *current* address. To provide the Court with a new address, the Petitioner must file a "Notice of Change of Address" on the docket. That Notice must include both the new address and the date on which the new address became effective. The Notice may not include *any other* information. Until the Petitioner has filed such a Notice, the Court will not know whether the Petitioner has been transferred or released.

4.      **Under no circumstances shall the Petitioner mail any pleading or document to any Judge or Magistrate on this Court.** The Court will disregard any such pleading or document.

5.      The Petitioner shall not send letters to the Court or to the Clerk of the Court. Under the Federal Rules of Civil Procedure, if the Petitioner wants relief, the Petitioner must file a motion—that is, a document requesting that relief—on the Court's docket and must furnish copies of that motion to the opposing side. Because letters are not motions or pleadings, any letters from the Petitioner will be discarded and will not appear on the Court's docket.

6.      A *pro se* litigant who wishes to oppose a motion must respond in writing within the time periods provided by the Local Rules and the Federal Rules of Civil Procedure. If the Court instructs a *pro se* litigant to respond by a certain date, the *pro se* litigant must comply with that order.

7.      No litigant may call the Judge's chambers for legal advice about the case. This prohibition applies equally to the litigant's friends, family, or acquaintances. Brief case status

information may be available from the Clerk of the Court. But the Petitioner should understand that no Court employee can (or will) provide legal advice to any litigant, *pro se* or otherwise.

8.     All filed papers must include the case style, case number, and appropriate title in the format required by the Local Rules. *See Sample Form Following Local Rule 5.1.* The signature block of each pleading must also contain the *pro se* litigant's name and address. The Petitioner must mail the original of every pleading or document to the Clerk of the Court at one of the following addresses: for <u>Miami</u> cases, to 400 North Miami Avenue, 8th Floor, Miami, Florida 33128; for <u>Broward</u> cases, to 299 East Broward Boulevard, Room 108, Fort Lauderdale, Florida 33301; and for <u>West Palm Beach</u> cases, to 701 Clematis Street, Room 202, West Palm Beach, Florida 33401. Each such submission shall include (1) a copy of the filing or document and (2) a certificate of service, in which the Petitioner shall state the date on which the Petitioner mailed a true and accurate copy of the pleading or document to the Respondent.

SIGNED in Chambers at West Palm Beach, Florida, this <u>13th</u> day of May, 2026.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to:**

**Lazaro Martinez Caceres,** *Pro Se*
Alien # 240308443
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073

**United States Attorney**
Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov

**United States Immigration & Naturalization Services Attorney**
Noticing INS Attorney
Email: usafls-immigration@usdoj.gov