**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:  26-61416-CV-MIDDLEBROOKS

LAZARO MARTINEZ CACERES,

　　　　Petitioner,

v.

BROWARD TRANSITIONAL CENTER
FACILITY DIRECTOR,

　　　　Respondent.

_____/

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on the *pro se* Petition for Writ of Habeas Corpus ("Petition") (DE 1) brought pursuant to 28 U.S.C. § 2241 by Petitioner Lazaro Martinez Caceres ("Petitioner").  Respondents have filed an abbreviated Response (DE 7) conceding Petitioner is entitled to a bond hearing in light of *Hernandez Alvarez v. Warden*, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026).[1]  (*Id.* at 1–2).

Based on the Respondent's Response and pursuant to *Hernandez*, which is persuasively binding on this Court until the mandate issues, I find § 1226(a) and its implementing regulations govern Petitioner's detention, entitling him to an individualized bond hearing by an Immigration Judge ("IJ"); and the IJ has jurisdiction to conduct the bond hearing.  Any challenge by Petitioner to his detention under the Fifth Amendment are not addressed because the Court is granting Petitioner a bond hearing.  *See Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425 at

---

[1] In *Hernandez*, the Eleventh Circuit held that that "aliens unlawfully in the interior" are entitled to seek release from immigration custody through 8 U.S.C. § 1226.  *Hernandez*, 2026 WL 1243395 at *19.

*3 (E.D. Mich. Sept. 9, 2025).  If, however, Respondents do not provide Petitioner with a bond hearing as ordered, he can renew his Fifth Amendment due process claims in a subsequent habeas corpus proceeding.  For all the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition (DE 1) is **GRANTED IN PART**.  Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) within **<u>seven</u>** days of the date of entry of this Order and file a notice with this Court upon completion of the bond hearing indicating that a bond hearing has been held.  Failure to file a notice in the record within the seven days may result in the Court ordering the immediate release of Petitioner.

2.      I further find that the IJ has jurisdiction to conduct the bond hearing.

3.      All pending motions not otherwise ruled upon are **DENIED, as moot**.

4.      The Clerk shall **CLOSE** this case.

5.      I will, however, **RETAIN JURISDICTION** to enforce this Order.

**SIGNED** in Chambers at West Palm Beach, Florida this <u>14th</u> day of May, 2026.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to**:

**Lazaro Martinez Caceres,** *Pro Se*
Alien # 240308443
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073

**Brittany B. Brock, AUSA**
US Attorney's Office
Email: brittany.brock@usdoj.gov